UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROSURANCE GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, INC., et al.,<br><br>Defendants. | Case No.: 10-CV-02600-LHK<br><br>ORDER GRANTING IN PART MOTIONS TO FILE UNDER SEAL |

On January 13, 2011, Defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Underwriters Inc., and Liberty Surplus Insurance Corp. (collectively "Liberty") moved to file the following documents under seal: (1) Notice of Motion and Motion of Liberty to Determine Good Faith Settlement and Memorandum of Points and Authorities Pursuant to California Code of Civil Procedure § 877.6(a)(1); and (2) Declaration of Todd A. Roberts in support thereof. Dkt. No. 20 ("Mot."). The time to oppose Liberty's administrative motion expired on January 18, 2011, *see* Civ. L.R. 7-11(b), and no opposition has been filed.

Likewise, on January 18, 2011, Defendant Ross Herlands moved to file his Statement of Non-Opposition to Motion for Determination of Good Faith Settlement under seal. Dkt. No. 24. The time to oppose Herlands' administrative motion expired on January 23, 2011, *see* Civ. L.R. 7-11(b), and no opposition has been filed.

1  Federal courts have recognized a strong presumption that judicial records are accessible to
2  the public. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
3  Generally, a party seeking to seal a judicial record bears the burden of overcoming this
4  presumption by articulating "compelling reasons supported by specific factual findings" to justify
5  sealing the records at issue. *Id.* In the case of non-dispositive motions, however, the presumption
6  in favor of public access does not apply with equal force. *Id.* at 1179. Thus, a showing of good
7  cause will suffice to justify sealing material attached to non-dispositive motions. *Id.* at 1180.
8  Because a motion to determine good faith settlement is only tangentially related to the merits of the
9  underlying cause of action, it constitutes a non-dispositive motion. *See id.* at 1179 (quotation
10 omitted). Thus, the parties need only show good cause to justify sealing the documents listed
11 above. The good cause showing, however, must be "particularized," *id.*, and the Local Rules of
12 this Court require that all requests to file under seal be "narrowly tailored to seek sealing only of
13 sealable material," CIV. L.R. 79-5(a).

14  Liberty and Herlands request leave to file under seal on the grounds that it is necessary to
15 preserve the confidentiality of the settlement agreement agreed to by the parties ("the Agreement").
16 The Court finds that, to the extent that the documents discuss or disclose the terms of the
17 Agreement, good cause exists to permit filing under seal. *See Phillips ex rel. Estates of Byrd v.*
18 *General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted
19 protective orders to protect confidential settlement agreements); *see also Shinn v. Baxa Corp.*, No.
20 07-cv-01648, 2008 U.S. Dist. LEXIS 57681, *4-5 (D. Nev. July 7, 2008) (permitting parties to file
21 under seal settlement agreement that was the subject of motion to determine good faith settlement).
22 Accordingly, because the Declaration of Todd A. Roberts consists entirely or substantially of
23 confidential material relating to the terms of the Agreement, the Court GRANTS the motion to file
24 this document, in its entirety, under seal.

25  It appears, however, that sealing Liberty's Motion to Determine Good Faith Settlement and
26 Herlands' Statement of Non-Opposition to Motion to Determine Good Faith Settlement in their
27 entirety is not justified. Although these documents contain references to terms of the Agreement,
28 they do not appear to be primarily concerned with confidential information and do not discuss the

settlement provisions in detail.  In particular, the documents consist largely of legal arguments about the good faith nature of the settlement, and it appears that the portions of the brief that discuss confidential or propriety information could easily be redacted.  Accordingly, Liberty and Herlands are directed to submit a redacted version of these documents that can be filed in the public record pursuant to Civil Local Rule 79-5(c).  If the redacted versions are narrowly tailored to omit only sealable material, the Court will permit the unredacted versions to be filed under seal.

For the foregoing reasons, the Court GRANTS the motion to file under seal as to the Declaration of Todd A. Roberts.  Liberty shall submit a redacted version of its Notice of Motion and Motion to Determine Good Faith Settlement and Memorandum of Points and Authorities Pursuant to California Code of Civil Procedure § 877.6(a)(1) no later than February 24, 2011.  Herlands shall submit a redacted version of its Statement of Non-Opposition to Motion for Determination of Good Faith Settlement no later than February 24, 2011.

**IT IS SO ORDERED.**

Dated: February 18, 2011

_____
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-02600-LHK
ORDER GRANTING IN PART MOTIONS TO FILE UNDER SEAL